Whyte, J.
To complete the crime of larceny, there must be a trespass in the original taking; finding the pocket-book and its contents, and taking them into possession was not a trespass; and subsequently converting the *556 contents to the use of the finder, with a knowledge of the owner, although a breach of good faith and honesty, is not sufficient to constitute the offence of larceny.
The common law, as it stood in 1775, was adopted in this [227] State. What that common law was in this case may be seen by reference to 1 Haywood’s Rep. 157, in note, and the case of the State v. Braden, 2 Tenn. Rep. 68.
Two cases, recently determined in England, the one in 1804, the other in 1812, cited in Russell on Crimes, 1044, and relied on in this case, make the finding and converting money or notes, in a case like the present, larceny. But it is observable that in the first of these cases it was held to be larceny, because converted with a knowledge of the owner; in the second case, for an attempt to convert, with such knowledge.
These cases go beyond all former precedent. In 2 Leach, Crown Cases, 835, Chitty, Cr. Law, 918, 1 Hawkins, P. C. ch. 31, §§ 1, 2, the correct rule is laid down, to wit, that there must be a trespass completed at the time of taking, to constitute it larceny.
The act committed in this case is a civil injury, for which an action would lie, but is not a crime.
Peck and Cate on, JJ. concurred; absent, Judge CRAbb.
Judgment reversed. [1]

 Original Note. —Vide People v. Anderson, 14 John. Rep. 294.